UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>          v.<br><br>LEANNE MARIE CRISP,<br><br>                          Defendant. | NO:  2:15-CR-9-RMP<br><br>PROTECTIVE ORDER |

        Before the Court is the Government's Motion for Protective Order, **ECF No. 20**, and Motion to Expedite, **ECF No. 21**.  The Government seeks to limit the dissemination of discovery materials, which contain sensitive personal information.  Defendant has not responded.

        The Court has reviewed the proposed protective order and finds good cause to enter it so that Defendant may receive discovery materials as expeditiously as possible.

/ / /

PROTECTIVE ORDER ~ 1

Accordingly, **IT IS HEREBY ORDERED**:

1.      The Government's Motion for Protective Order Regulating Disclosure of Discovery and Sensitive Information, **ECF No. 20**, and the Motion to Expedite, **ECF No. 21**, are **GRANTED** to the extent provided herein.

2.      The Government has disclosed and shall disclose the discovery and sensitive information materials (herein "Discovery") in its possession pursuant to the discovery obligations imposed by this Court.

3.      Government personnel and counsel for Defendant shall not provide, or make available, the sensitive information in the Discovery to any person except as specified in this Order or by approval from the Court.  Defense counsel and the Government shall restrict access to the Discovery and shall disclose the sensitive information in the Discovery only to their client, office staff, investigators, independent paralegals, necessary third-party vendors, consultants, and/or anticipated fact or expert witnesses to the extent that defense counsel believes is necessary to assist in the defense of their client in this matter or that the Government believes is necessary in the investigation and prosecution of this matter.

4.      Third parties contracted by the United States or defense counsel to provide expert analysis or testimony may possess and inspect the sensitive information in the Discovery, but only as necessary to perform their case-related

duties or responsibilities in this matter.  At all times, third parties shall be subject

to the terms of the Order.

5.    Discovery in this matter has been and will be made available to

defense counsel on compact discs ("CDs").  In order to provide discovery to the

client, defense counsel may duplicate the CDs only once.  No other copies of the

CDs shall be made, by defense counsel or Defendant, without prior approval from

the Court.  Copies may be made to computer devices for the purpose of review and

use of discovery at court proceedings in this matter, provided that such computer-

generated copies containing sensitive information are destroyed at the case

conclusion or withdrawal/termination of counsel, whichever occurs first.

6.    To the extent that defense counsel makes any portion of the Discovery

available in paper format to anyone, including the client, outside of counsel's

office, defense counsel shall ensure that any and all sensitive information is

redacted or removed and that it will not be susceptible to misuse or abuse.  Such

redactions/removal shall include, but shall not be limited to, the following: (a) all

Social Security numbers or taxpayer identification numbers; (b) all employer

names, locations, addresses, as well as salary information; (c) all residential and

business addresses; (d) all telephone numbers and email addresses; (e) all lease,

bill, and contract payment amounts; (f) all dates of birth; and (h) all information

identifying the contents and account number of any financial account, including bank account(s).

7.    All counsel of record in this matter, including counsel for the Government, shall ensure that any party, including Defendant, that obtains access to the Discovery is provided a copy of this Order.  No other party that obtains access to or possession of the Discovery containing sensitive information shall retain such access or possession unless authorized by this Order, nor further disseminate such Discovery except as authorized by this Order or by the further Order of this Court.  Any other party that obtains access to or possession of the Discovery containing sensitive information, once the other party no longer requires access to or possession of such Discovery, shall promptly destroy or return the Discovery once access to Discovery is no longer necessary.  For purposes of this Order, "other party" is any person other than counsel for the Government, counsel for Defendant, or Defendant.

8.    All counsel of record, including counsel for the Government, shall keep a list of the identity of each person to whom the Discovery containing sensitive information is disclosed and who was advised of the requirements of this Order.  Neither counsel for Defendant nor counsel for the Government shall be required to disclose this list of persons unless ordered to do so by the Court.

9.    Upon entry of a final order of the Court in this matter and conclusion of any direct appeals, government personnel and counsel for Defendant shall retrieve and destroy all copies of the Discovery containing sensitive information, except that counsel and government personnel may maintain copies in their closed files following their customary procedures.

10.    Government personnel and counsel for Defendant shall promptly report to the Court any known violations of this Order.

11.    The proposed Protective Order submitted by the Government only applies to "sensitive information."

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and provide copies to counsel.

**DATED** this 5th day of February 2015.


*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

PROTECTIVE ORDER ~ 5